[Civ. No. 20672.   Second Dist., Div. Two.   Oct. 17, 1955.]

WALTER RICHARD MARKER, Respondent, v. LUELLA WENDELKEN et al., Defendants; CATHERINE A. McKENNA, Appellant.

Catherine A. McKenna, in pro per., for Appellant.

P. C. Rentfro for Respondent.

MOORE, P. J.—Action to quiet title. The suit was brought against certain individuals including appellant and William F. Wendelken demanding that title be quieted in plaintiff as to Lot 7, Block N, of "Crescent Townsite" in Los Angeles County. Mrs. McKenna alone put the cause at issue by a general denial and by alleging herself to be the owner of Lot 7, Block N, "Cresenta," by virtue of a conveyance to her on July 1, 1925, of all the title of E. W. Steele, Chas. C. Barnes and J. Truitt. She alleged that she has since then been the owner and in possession; that the land was assessed to her; and that the claims of plaintiff are false.

The trial court having found against all claims of appellant, she appeals on the ground that the findings are not supported by the evidence.

In 1915, Lot 7, Block N of Crescenta was duly assessed for taxation to one Chapman. On July 7, 1921, pursuant to statute, it was duly sold by the tax collector to Chas. G. Barnes and J. Truitt "for nonpayment of delinquent taxes which had been legally levied in the year 1915 and were a lien on said real property, the total amount for which the same was sold being one hundred One and no/100 Dollars."* The collector's deed was recorded July 26, 1921.

On October 17, 1921, Chas. G. Barnes quitclaimed the same property to J. Truitt. On the 14th of the following November, Miss Truitt by grant deed conveyed Lot 7 to H. B. Hunt, a single man. Hunt reconveyed the lot to J. Truitt in the same month and the grant deed was recorded January 5, 1922.

By grant deed, J. Truitt conveyed the lot to J. C. Stein on November 17, 1923.

---

*"Form of Conveyance prescribed by Section 3785, Pol. Code.

"THIS INDENTURE, made the 26th day of July, 1921, between W. O. Welch, Tax Collector of the County of Los Angeles, State of California, first party, and Chas. G. Barnes and J. Truitt, second parties, Witnesseth: That Whereas the real property hereinafter described was duly assessed for taxation in the year 1915 to W. Chapman and was thereafter on the 7th day of July, 1921, duly sold to Chas. G. Barnes and J. Truitt by W. O. Welch, Tax Collector of said County of Los Angeles, for non-payment of delinquent taxes which had been legally levied in said year 1915, and were a lien on said real property, the total amount for which the same was sold being One Hundred one & no/100 Dollars ($101.00); and,

"WHEREAS, all taxes levied and assessed against said property prior to the year 1921 have been paid and discharged; Now THEREFORE, the said first party in consideration of the premises, and in pursuance of the statute in such case made and provided, does hereby grant to the said second party that certain real property in the County of Los Angeles, State of California more particularly described as follows, to wit:

"Crescenta, as per Book 5, Page 575 of Misc. Records of Los Angeles County, Lot 7, Block N."

Stein having conveyed the lot to his wife Ida, December 15, 1923, the latter by grant deed conveyed the lot, September 22, 1925 to Samuel Young.

Young having deceased in San Francisco, his estate was distributed December 7, 1939, by the superior court of that county to Carrie Young, his widow.

On April 19, 1951, the same court, in the estate of Carrie Young, distributed to Malvina Cornblum, Yetta Wachter, Leland Young, Milton Young, Nathan Warner, all of Carrie's realty, including Lot 7, Block N, Crescenta.

All the grant deeds and decrees of distribution above mentioned were duly recorded in the official records of Los Angeles County.

On August 28, 1951, the distributees of Carrie Young conveyed Lot 7 to Walter Richard Marker, respondent herein.

Although the record above recited makes the chain of title complete and vests ownership in respondent, and notwithstanding the latter has paid all taxes on Lot 7 which have accrued since 1937, appellant now contends that she is owner of the lot, and is entitled to possession.

Mrs. McKenna maintains that on October 11, 1921, E. W. Steele and wife for $50 quitclaimed Lot 7 to J. Truitt and that on January 16, 1923, J. Truitt "made her agreement in writing that she was holding the title in her name, in trust for J. H. Smith and to be transferred only at his request and direction." From the executed deed of J. Truitt in favor of H. B. Hunt, the trial court determined that J. Truitt divested herself of title; that she became owner again by virtue of Mr. Hunt's grant deed conveying Lot 7 to her and that she subsequently conveyed the lot to J. C. Stein by grant deed and by mesne conveyances it became ultimately the property of respondent.

Appellant contends that the grant deed of August 28, 1951, in favor of respondent, "does not describe the land described in the plaintiff's complaint." The record shows they are identical. She says that "it did not connect with any party in possession or entitled to possession." The chain of title without a break connects respondent's ownership with the grantees of the tax collector's sale.*

Appellant's claim that J. Truitt in taking title to Lot 7 was acting as an undisclosed agent of J. H. Smith is without

---

*Prior to the sale to Barnes and Truitt, the collector had sold Lot 7 to E. W. Steele, but that was evidently rescinded, whereupon the land was sold to Barnes and Truitt on July 26, 1921. Subsequently, Steele and his wife quitclaimed to J. Truitt prior to her conveyance to H. B. Hunt.

evidential support, and is contrary to the findings. If J. Truitt had been such agent, she thereafter transferred the title of the lot to J. C. Stein in November 1923, and the presumption that she did her duty as such agent would overcome the mere assertions of appellant and the ex parte declarations of J. Truitt. ■ The trial court is the exclusive judge of the credibility of witnesses and of the weight of their testimony. (*McCully* v. *McArthur*, 187 Cal. 194, 202 [201 P. 323].) At any rate, J. Truitt had no title to convey to appellant in July 1925, having conveyed it to J. C. Stein in November 1923.

■ The contention that J. H. Smith was owner at the time of his death, August 9, 1925, and that by his will he bequeathed Lot 7 to appellant is answered by two facts, to wit: (1) the chain of title as shown by certified copies of recorded conveyances which the court impliedly found to be genuine, is conclusive; (2) by a final judgment of the superior court in and for Los Angeles County in action Number 197670 entered March 27, 1929, title to Lot 7, Block N, Crescenta was quieted against the estate of J. H. Smith and against Catherine McKenna. Also, by such judgment it was decreed that Mr. Smith died August 9, 1925; that "at the time of his death and for some time prior thereto he was a victim of cerebral paresis; that on the 6th and 7th days of August, 1925, said deceased was unconscious . . . was mentally and physically incapable of transacting any business of any kind." The effect of such decree was that at the time of the asserted conveyance of Lot 7 to appellant, Mr. Smith was incompetent to transact any business and any gift or sale by him was void. It was further proved that in an action by W. P. Nichols in the Superior Court of Los Angeles County to quiet title against Catherine McKenna, personally and as executrix of the estate of J. H. Smith, deceased, judgment was entered against the defendants February 26, 1935, quieting title against them.

Appellant contends that in 1921, Lot 7 "was not either sold or deeded to the State and the court was without authority or jurisdiction to grant plaintiff any relief under the provisions of section 3950* et seq., Revenue and Taxation Code."

---

*"3950. Whenever tax-sold or tax-deeded property has been purchased from the State, including purchases made under Chapter 8 hereof, and all subsequent taxes levied and payable have been paid, the purchaser, or any person claiming through him, may bring an action to determine adverse claims to or clouds upon that property. The complaint shall be verified and shall aver the matters above enumerated."

She maintains that the procedure provided by such sections is special "and has no application in any case, except where the land has been deeded to the State and not redeemed, and by the State resold to a private purchaser."

Now, at the time of the sale to Barnes and Truitt, the law provided for the publication of the delinquent tax list and notice of sale of such properties in default (Pol. Code, §§ 3764, 3765, 3766), and "all property upon which the taxes and assessments . . . have not been fully paid . . . shall by operation of law and the declaration of the tax collector be sold to the State." (*Id.*, § 3771.) Thus, no provision by such statutes was made for a deed to the state, but the tax collector is authorized to convey the property by deed directly to the purchaser (*Id.*, § 3785.) The requirements of the cited sections having been complied with, a valid title of Lot 7 was conveyed to Barnes and Truitt in July 1921 "without the formality of a deed to the state in the first instance." (*Jacoby* v. *Wolff*, 198 Cal. 667, 682 [247 P. 195].) The method of sale urged by appellant is that provided by sections 3897 and 3898 which relate to the sales of lands that have been first sold and deeded to the state. It follows that respondent properly pursued the remedy provided by Revenue and Taxation Code, section 3950.

Decree quieting title is affirmed.

McComb, J., and Fox, J., concurred.